**Concurring Opinion Filed September 26, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01374-CV

## QUALITY CLEANING PLUS, INC., Appellant
## V.
## PREFERRED STAFF, LLC, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-08606**

## CONCURRING OPINION

Before Justices Carlyle, Smith, and Kennedy
Concurring Opinion by Justice Smith

I agree with the majority's analysis and disposition of this case; however, I write separately to address my concerns regarding appellant Quality Cleaning Plus, Inc.'s use of this interlocutory appeal to further delay the proceeding pending below.

Over the last two decades, there has been a dramatic increase in interlocutory appeals as is reflected in the growing list of orders from which a party can pursue such an appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a). An interlocutory appeal generally stays the commencement of a trial. *Id.* § 51.014(b). Because of the mandatory discovery stay provided by statute for motions to dismiss filed under the

Texas Citizens Participation Act (TCPA), delay is inevitable. *Id.* § 27.003(c). Although this is sometimes necessary, many times I have found that it creates unnecessary delay to the judicial process. A recent law review article, in discussing the Texas Legislature's 2019 amendment to the TCPA, which added a new definition of "legal action" in order to limit the use of a TCPA motion to dismiss, *see id.* § 27.001(6), commented:

> It's been said that the fertile mind of a lawyer will attempt to stretch the parameters of any law. In the case of the TCPA, many fertile minds decided to test novel interpretations of the statute in ways that led to a significant abuse of the judicial process. Litigants employed the TCPA in response to a litany of procedural motions, unnecessarily tying cases up in the courts, overburdening the judicial system, and turning the purpose of the statute on its head.

Laura Lee Prather and Robert T. Sherwin, *The Changing Landscape of the Texas Citizens Participation Act*, 52 Tex. Tech L. Rev. 163, 169 (2020) (internal footnotes and citations omitted). While the Legislature addressed the specific concern mentioned in this article, lawyers are still using the TCPA motion to dismiss "in ways that [lead] to a significant abuse of the judicial process." *Id.*

In this case, the trial court entered a temporary restraining order and granted Preferred's motion for expedited discovery. Quality Cleaning did not respond to discovery by the trial court's initial, or subsequent, deadline and, instead, seven days past the subsequent deadline, filed a motion to dismiss under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a). The parties then litigated whether the TCPA stayed expedited discovery ordered before the TCPA motion to dismiss was filed.

*See id.* §§ 27.003(c), 27.006(b). The issue was litigated in the trial court for over a month. Quality Cleaning then filed a petition for writ of mandamus in this Court seeking a stay of discovery in the trial court. We granted conditional relief less than a month later.

When the case returned to the trial court, the court denied Quality Cleaning's TCPA motion to dismiss. As the majority explains, Preferred argued in part that the TCPA did not apply to this suit because it clearly fell under one of the new exemptions. The code expressly provides that the TCPA does not apply to "a legal action arising from an . . . employee-employer . . . relationship that: (A) seeks recovery for misappropriation of trade secrets or corporate opportunities; or (B) seeks to enforce a non-disparagement agreement or a covenant not to compete." *Id.* § 27.010(5). The trial court denied the motion to dismiss without elaboration, and Quality Cleaning filed this interlocutory appeal.

Not only did Quality Cleaning fail to address this exemption in its opening brief and explain how it did not apply, Quality Cleaning also did not file a reply brief addressing the exemption after Preferred re-urged it in its response brief. In my opinion, there is no question that this exemption applied. In fact, in its "Statement of the Case" section, Quality Cleaning represents that this "case arises from the employment of Richard Cardona, a former employee of Preferred." At oral argument, Quality Cleaning maintained that it did not have an employer-relationship with Preferred and that, while the exemption applied to Cardona, it did not apply to

–3–

Quality Cleaning because Quality Cleaning was a competitor and competitors were not excluded by the exemption. In addition to not offering any argument or case citations in its brief regarding this assertion, Quality Cleaning was not able to proffer any legal authority supporting its assertion at oral argument. Thus, I am left with the question of whether Quality Cleaning pursued the TCPA motion to dismiss and this interlocutory appeal in good faith or simply to delay adjudicating the case in the trial court.

Preferred represented to this Court at oral argument that it believed Quality Cleaning had been violating the temporary restraining order while this case has been pending and that the stay required by the TCPA precluded Preferred from obtaining any relief. In response to Preferred's allegation, counsel for Quality Cleaning responded at oral argument that any purported covenant had expired because it was only in effect for two years and such time had passed. Such representation only increases my suspicion that Quality Cleaning used the TCPA as a delay tactic in this case.

Although the TCPA permits the trial court to award costs and reasonable attorney's fees to the responding party if it finds that the motion to dismiss was "frivolous or solely intended to delay," *see id.* § 27.009(b), and this Court has the authority to sanction a party for filing a frivolous appeal, *see* TEX. R. APP. P. 45, sanctions are inadequate to provide plaintiffs with the protection they need to seek justice without unnecessary delay. And, often, awarding sanctions invites further

–4–

delay in resolving the underlying claim, as it gives the sanctioned party another opportunity to pursue appellate review.

This use of the TCPA for delay is not an isolated occurrence. I have observed similar abuses of the TCPA and its resulting delay over the last several years. I caution practitioners to use it in good faith and not as a delay tactic, and I urge the legislature to again revisit the TCPA so that plaintiffs are not stranded in a stay unable to pursue time-sensitive claims.

221374cf.p05

/Craig Smith//
CRAIG SMITH
JUSTICE